**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **TRACY L. CARTER**<br>5066 Sand Court<br>Groveport, OH 43125 | Case No. |
| | Judge |
| Plaintiff, | |
| | Magistrate Judge |
| v. | **COMPLAINT FOR DAMAGES**<br>**With Jury Demand** |
| **BARHAM LEGAL, LLC**<br>c/o Registered Ohio Statutory Agent, Inc.<br>2644 Kull Road<br>Lancaster, Ohio 43130 | |
| and | |
| **DANIEL BARHAM**<br>2644 Kull Road<br>Lancaster, Ohio 43130 | |
| and | |
| **PARTNERS FOR PAYMENT RELIEF DE IV, LLC**<br>c/o Registered Ohio Statutory Agent, Inc.<br>2644 Kull Road<br>Lancaster, Ohio 43130 | |
| Defendants. | |

Plaintiff Tracy L. Carter ("Plaintiff"), through Counsel, and for her Complaint against

Defendants Barham Legal, LLC ("BL"), Daniel Barham ("Barham") and Partners for Payment

Relief DE IV, LLC ("PPR") (collectively "Defendants") hereby state as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Tracy L. Carter is a natural person residing at 5066 Sand Court, Groveport, Ohio 43125. Plaintiff is a "consumer" as that term is defined by federal and state law.

2. Defendant Barham Legal, LLC is a domestic limited liability company under the laws of the State of Ohio. Upon belief BL maintains its principal place of business at 2644 Kull Road, Lancaster, Ohio 43130. BL is a "debt collector" as that term is defined by federal statutes.

3. Defendant Daniel Barham is an attorney licensed to practice in the State of Ohio. At all relevant times herein and upon belief currently, Defendant Barham is employed by BL. Barham is a "debt collector" as that term is defined by federal statutes.

4. Defendant Partners for Payment Relief DE IV, LLC is a limited liability corporation incorporated under the laws of the state of Delaware that is registered to do business in the State of Ohio as of February 22, 2017. Upon belief PPR's principal place of business is located at 3748 West Chester Pike, Suite 103, Newtown Square, PA 19073. Upon further belief the primary business practice of PPR is the purchaser and collection of non-first lien residential mortgage loans in default.

5. Defendant PPR is a "debt collector" as defined by 15 U.S.C. § 1692a because it regularly uses the mails and/or telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly through its agents such as counsel, debts in the form of residential mortgage loans, primarily non-first lien residential mortgage loans, in default. PPR operates what is believed to be a nationwide delinquent debt collection business, attempting to collect debts from consumers in virtually every

state, including consumers in the State of Ohio via collection letters, phone calls, credit reports, and/or lawsuits. In fact Defendant PPR for all times herein the Complaint was acting as a debt collector, as that term, is defined by the FDCPA, as to the delinquent consumer debt it attempted to collect from the Plaintiff.

6. PPR is not licensed with the Ohio Department of Commerce pursuant to Ohio R.C. §§ 1321.51 to 1321.60.

7. Jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Supplemental jurisdiction exists for claims brought under Ohio law pursuant to 28 U.S.C. § 1367.

8. Venue in this district is proper because the conduct complained of occurred in this district and the Plaintiff's real estate that was the subject of the collections activity at issue in this Complaint is in this district.

## INTRODUCTION

9. PPR and attorney Barham, through BL, commenced a foreclosure action against Plaintiff Tracy Carter to collect on a second mortgage loan secured by her home.

10. Although Ohio law prohibits a foreign corporation from conducting business in Ohio or maintaining a lawsuit without first obtaining a license from the Ohio Secretary of State, PPR failed to obtain a license before commencing the foreclosure action.

11. Although Ohio law prohibits any person from collecting a non-first lien residential mortgage loan without first registering with the Ohio Department of Commerce pursuant to R.C. § 1321.52 (A)(1)(B) and Ohio Admin. Code § 1301:8-3-12(E), PPR failed to

obtain the required registration before commencing a foreclosure action against Tracy Carter to collect on a non-first lien residential mortgage loan.

12. In the foreclosure action to collect the debt, PPR and its legal counsel Barham and BL made numerous false and contradictory representations regarding PPR's right to enforce the Note.

## STATEMENT OF FACTS

### *PPR's Failure to Obtain a License from the Ohio Secretary of State*

13. Ohio Revised Code Section 1703.03 provides that "No foreign corporation not excepted from sections 1703.01 to 1703.31 of the Revised Code, shall transact business in this state unless it holds an unexpired and uncanceled license to do so issued by the secretary of state. To procure such a license, a foreign corporation shall file an application, pay a filing fee, and comply with all other requirements of law respecting the maintenance of the license as provided in those sections."

14. Ohio Revised Code Section 1703.29(A) provides that "[t]he failure of any corporation to obtain a license under sections 1703.01 to 1703.31 of the Revised Code, does not affect the validity of any contract with such corporation, but no foreign corporation that should have obtained such license shall maintain any action in any court until it has obtained such license."

15. On or about August 30, 2016 Defendant BL, through Barham, filed a Complaint for Foreclosure on behalf of Defendant PPR in *Partners for Payment Relief DE IV, LLC v. Tracy L. Carter*, *et al.*, Case No. 16CV008212 in the Franklin County (OH) Court of

Common Pleas (the "Foreclosure").  A copy of the Complaint is attached as Exhibit A to this Complaint.

16. At the time the Foreclosure Complaint was filed on August 30, 2016, PPR was a foreign corporation not licensed to do business in the State of Ohio, and not otherwise exempted from licensing requirements.

17. PPR subsequently registered to do business on February 22, 2017 with the Ohio Secretary of State according to the articles of incorporation which are attached as Exhibit B to this Complaint.

18. Upon information and belief, BL and Barham knew or should have known that PPR had failed to register with the Ohio Secretary of State's Office at the time the Complaint was filed because Barham and BL assisted with the filing of the registrations for related entities, Partners for Payment Relief LLC, Partners for Payment Relief DE II, LLC, and Partners for Payment Relief DE III, LLC in 2011 and 2014.

*PPR's Failure to Register with the Ohio Department of Commerce*

19. Ohio Revised Code Section 1321.52(A)(1)(B) provides that "No person, on that person's own behalf or on behalf of any other person, shall do any of the following without having first obtained a certificate of registration from the division of financial institutions: (b) Engage in the business of lending or collecting the person's own or another person's money, credit, or choses in action for non-first lien residential mortgage loans;"

20. Pursuant to its authority under Ohio's Second Mortgage Loan Act, the Ohio Department of Commerce has promulgated regulations providing that "[l]oans made pursuant to

sections 1321.51 to 1321.60 of the Revised Code which are secured by a mortgage on a

borrower's real estate other than a first lien on the real estate shall not be collected by

persons other than a registrant pursuant to sections 1321.51 to 1321.60 of the Revised

Code or an exempt entity described in division (D) of section 1321.53 of the Revised

Code that is properly conducting business under and as permitted by any law or authority

referred to in that section."  Ohio Admin. Code § 1301:8-3-12(E).

21. In its Foreclosure Complaint, PPR sought to collect from Tracy Carter a non-first lien

residential mortgage loan.

22. At the time the Foreclosure Complaint was filed, PPR had failed to register with the Ohio

Department of Commerce pursuant to R.C. § 1321.51 to 1321.60.

23. At the time the Foreclosure Complaint was filed, PPR was not an entity exempt from

registration under R.C. § 1321.53.

24. To date, PPR has failed to obtain registration by the Ohio Department of Commerce

pursuant to R.C. § 1321.51 to 1321.60.

### Representations Regarding PPR's Right to Enforce the Note

25. In the Foreclosure Complaint, PPR, through BL and Barham, asserted that PPR had the

right to enforce the Note, and that the copy of the Note attached to the Complaint was

true and accurate.

26. In the Foreclosure Complaint PPR, through BL and Barham, attached the "Affidavit of

John Sweeney" (the "Sweeney Affidavit") as Exhibit B to the Foreclosure Complaint

which contained Mr. Sweeney's sworn statement that PPR is the owner and holder of both the Note and Mortgage. *See Exhibit A* at 8.

27. The Sweeney affidavit also contained Mr. Sweeney's sworn statement that he had reviewed the allegations in the Complaint, and the attached exhibits, and that they were true. *Id.*

28. In addition to the Sweeney Affidavit BL, through Barham, attached as Exhibit C to the Foreclosure Complaint a copy of the Note payable to a different party. This Note, originally payable to Homecomings Financial Network, Inc., contained two specific endorsements - an endorsement from Homecomings Financial Network, Inc. to Residential Funding Corporation and an endorsement from Residential Funding Corporation to US Bank, National Association as Trustee. *Id.* at 10-11.

29. On January 5, 2017 Tracy Carter retained counsel and filed an Answer and Counterclaim in the Foreclosure Case which is attached as Exhibit C. The counterclaims have since been dismissed without prejudice as of August 30, 2017.

### *March 7, 2016 Collections Letter*

30. In addition to the Sweeney Affidavit and the Note, BL, through Barham, attached as Exhibit E to the Foreclosure Complaint a copy of a letter dated March 7, 2016 from BL to Plaintiff, which stated that as of March 7, 2016, "PPR acquired and is now the 100% owner of the mortgage loan you originally entered into with Homecomings Financial Network, Inc.". *Id.* at 19.

31. Upon information and belief, Ms. Carter did not receive a copy of the letter until she was served with a copy of the Foreclosure Complaint in December 2016.

32. Although the letter stated that PPR was the "100% owner of the mortgage loan" as of March 7, 2016, in its discovery responses PPR stated that it had first acquired possession of the Note on August 19, 2016.

33. The representation by PPR, Barham, and BL that PPR was the "100% owner of the mortgage loan" as of March 7, 2016 was false.

### *PPR's Contradictory Claims Regarding the Indorsements on the Note*

34. On February 10th, 2017 Tracy Carter through Counsel, served her first set of written discovery to PPR through BL and Barham, including a request to inspect and copy the original Note.  *See Exhibit D – Affidavit of Emily White*.

35. On February 28th, 2017 Attorney White traveled to BL's Lancaster Ohio office and met with Barham to inspect the Note.  *Id.*

36. In reviewing the Note Attorney White verified that the Note contained the two endorsements as alleged in Exhibit C to the Foreclosure Complaint.  *Id.*

37. In reviewing the Note Attorney White verified the Note contained no additional allonges or indorsements either attached or unattached to the Note provided by BL. *Id.*

38. On April 5, 2017 Barham, acting through BL, produced documents in response to Defendant's first request for production of documents.  These responses, attached as Exhibit E to this Complaint included two previously undisclosed allonges, each containing an undated indorsement.

39. PPR, through Barham and BL, later asserted that the allonges had been attached to the Note at the time the Complaint was filed.

40. If the allonges were attached to the Note at the time the Complaint was filed, but not filed with the Complaint, then the allegations in the Complaint and the Sweeney Affidavit that the copy of the Note attached to the Complaint was true and accurate, and the representations that the copy of the Note presented for inspection was genuine and accurate, were false.

41. In the alternative, if the allonges were not attached to the Note at the time the Complaint was filed, then PPR, Barham, and BL's subsequent representations to the contrary were false.

42. As a consequence of the conduct of PPR, Barham, and BL, Tracy Carter has incurred legal fees, costs, and expenses in defending a foreclosure action PPR had no right to commence, on a debt PPR, Barham and BL had no right to collect.

43. As a consequence of the contradictory representations of PPR, Barham, and BL regarding PPR's right to enforce the Note, Tracy Carter has incurred additional legal fees, costs, and expenses.

44. As a consequence of the conduct of PPR, Barham, and BL, Tracy Carter has faced the risk of losing her family home to foreclosure, and experienced fear, humiliation, and emotional distress.

45. Based on the actions of the Defendants BL, Barham and PPR, the Plaintiff seeks recovery for the claims alleged, *infra*, summarized as follows:

| COUNT<br>STATUTE VIOLATED | SUMMARY OF CLAIM AND VIOLATIONS |
|---|---|
| **COUNT ONE --PPR, Barham, and BL**<br><br>15 U.S.C. § 1692f<br><br>*FDCPA Unfair and Unconscionable means to collect a debt* | PPR, Barham, and BL engaged in unfair and unconscionable means of collecting a debt by commencing and maintaining a collections action without first obtaining required state licensure and registration, |
| **COUNT TWO – PPR, Barham, and BL**<br><br>15 U.S.C. 1692(e)<br><br>*False or Misleading Representations* | PPR, Barham, and BL made numerous false and misleading statements regarding PPR's right to enforce the Note in its foreclosure action. |
| **COUNT THREE – PPR, Barham, and BL**<br><br>R.C. § 1345.02(A)<br><br>*CSPA Unfair or Deceptive Debt Collection* | By commencing and maintaining a collections action without first obtaining required state licensure and registration, and by making false and misleading statements regarding PPR's right to enforce the Note, PPR, Barham, and BL have engaged in unfair and unconscionable means of collecting a debt. |

## COUNT ONE: VIOLATION OF 15 U.S.C. § 1692f, *et al.*
### *PPR, Barham, and BL*

46. The Plaintiff restates all allegations contained in Paragraphs 1 through 45 in their

entirety, as if fully rewritten herein.

47. Defendants PPR, BL, and Barham are each debt collectors as that term is defined in 15

U.S.C. § 1692(a)(6).

48. The Plaintiff is a "consumer" as that term is defined in 15 U.S.C. § 1692(a)(1).

49. The Note that was the subject of the foreclosure complaint filed by PPR, Barham, and BL against Tracy Carter was a debt as defined in 15 U.S.C. § 1692(a)(5).

50. The Fair Debt Collection Practices Act prohibits debt collectors from engaging in any unfair or unconscionable means to collect an alleged debt.  15 U.S.C. § 1692(f).

51. Ohio Revised Code Section 1703.03 provides that "No foreign corporation not excepted from sections 1703.01 to 1703.31 of the Revised Code, shall transact business in this state unless it holds an unexpired and uncanceled license to do so issued by the secretary of state. To procure such a license, a foreign corporation shall file an application, pay a filing fee, and comply with all other requirements of law respecting the maintenance of the license as provided in those sections."

52. Ohio Revised Code Section 1703.29(A) provides that "[t]he failure of any corporation to obtain a license under sections 1703.01 to 1703.31 of the Revised Code, does not affect the validity of any contract with such corporation, but no foreign corporation that should have obtained such license shall maintain any action in any court until it has obtained such license."

53. At the time the Foreclosure Complaint was filed by Barham and BL on behalf of PPR, PPR was a foreign corporation not licensed to do business in the State of Ohio, and not otherwise exempted from licensing requirements.

54. PPR subsequently registered to do business on February 22, 2017 with the Ohio Secretary of State according to the articles of incorporation which are attached as Exhibit B to this Complaint.

55. Upon information and belief, BL and Barham knew or should have known that PPR had failed to register with the Ohio Secretary of State's Office at the time the Complaint was filed because Barham and BL assisted with the filing of the registrations for related entities, Partners for Payment Relief LLC, Partners for Payment Relief DE II, LLC, and Partners for Payment Relief DE III, LLC in 2011 and 2014.

56. Ohio Revised Code Section 1321.52(A)(1)(b) states "No person, on that person's own behalf or on behalf of any other person, shall do any of the following without having first obtained a certificate of registration from the division of financial institutions . . .(b) Engage in the business of lending or collecting the person's own or another person's money, credit, or choses in action for non-first lien residential mortgage loans."

57. Ohio Administrative Code Section 1301:8-3-12(E) states "Loans made pursuant to sections 1321.51 to 1321.60 of the Revised Code which are secured by a mortgage on borrower's real estate other than a first lien on the real estate shall not be collected by persons other than a registrant pursuant to sections 1321.51 to 1321.60 of the Revised Code or an exempt entity described in division (D) of section 1321.53 of the Revised Code that is properly conducting business under and as permitted by any law or authority referred to in that section.

58. At the time the Foreclosure Complaint was filed by Barham and BL on behalf of PPR, PPR had failed to register with the Ohio Department of Commerce pursuant to R.C. § 1321.51 to 1321.60.

59. At the time the Foreclosure Complaint was filed by Barham and BL on behalf of PPR, PPR was not an entity exempt from registration under R.C. § 1321.53.

60. To date, PPR has failed to obtain registration by the Ohio Department of Commerce pursuant to R.C. § § 1321.51 to 1321.60.

61. The acts described herein, *supra*, violate 15 U.S.C. § 1692f as an unfair and unconscionable means to collect the debt.

62. As a consequence of the conduct of PPR, Barham, and BL, Tracy Carter has incurred legal fees, costs, and expenses in defending a foreclosure action PPR had no right to commence, on a debt PPR, Barham and BL had no right to collect.

63. As a consequence of the conduct of PPR, Barham, and BL, Tracy Carter has faced the risk of losing her family home to foreclosure, and experienced fear, humiliation, loss of sleep, anxiety, and emotional distress.

64. The conduct of PPR, Barham, and BL was outrageous, willful, and wanton, and it showed a reckless disregard for the Plaintiff's rights.

65. PPR, Barham, and BL are liable to the Plaintiff for actual damages, statutory damages, and Plaintiff's attorney's fees and costs.

**COUNT TWO: VIOLATION OF 15 U.S.C. 1692e**
***PPR, BL, and Barham***

66. The Plaintiff restates all allegations contained in Paragraphs 1 through 45 in their entirety, as if fully rewritten herein.

67. Defendants PPR, BL, and Barham are each debt collectors as that term is defined in 15 U.S.C. § 1692(a)(6).

68. The Plaintiff is a "consumer" as that term is defined in 15 U.S.C. § 1692(a)(1).

69. The Note that was the subject of the foreclosure complaint filed by PPR, Barham, and BL against Tracy Carter was a debt as defined in 15 U.S.C. § 1692(a)(5).

70. The Fair Debt Collection Practices Act prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.  15 U.S.C. § 1692(e).

71. PPR, Barham, and BL made the following false, deceptive, and misleading statements in the course of pursuing a foreclosure action against Tracy Carter:

   a. The allegation in the Foreclosure Complaint that PPR had the right to enforce the Note, when the copy of the Note attached to the Complaint was payable to a party other than PPR.

   b. The allegation in the Sweeney Affidavit attached to the Foreclosure Complaint that Sweeney had reviewed the Foreclosure Complaint and that the attached exhibits were true and accurate.

   c. The statements contained in Exhibit E to the Foreclosure Complaint that PPR had become the "100% owner of the loan" as of March 7, 2016, when PPR later asserted that it did not acquire possession of the Note until August 19, 2016.

d. The allegation that the copy of the Note produced for inspection by Barham and BL on behalf of PPR was a true and accurate copy of the Note.

e. If the allonges were attached to the Note at the time the Complaint was filed, but not filed with the Complaint, then the allegations in the Complaint and the Sweeney Affidavit that the copy of the Note attached to the Complaint was true and accurate, and the representations that the copy of the Note presented for inspection was genuine and accurate, were false.

f. In the alternative, if the allonges were not attached to the Note at the time the Complaint was filed, then PPR, Barham, and BL's subsequent representations to the contrary were false.

72. The acts described herein, *supra*, violate 15 U.S.C. §§ 1692(e), (e)(3) and (e)(10) as false misrepresentations by PPR, Barham, and BL as to PPR's ability to enforce the Note.

73. As a consequence of the conduct of PPR, Barham, and BL, Tracy Carter has incurred legal fees, costs, and expenses in defending a foreclosure action PPR had no right to commence, on a debt PPR, Barham and BL had no right to collect.

74. As a consequence of the conduct of PPR, Barham, and BL, Tracy Carter has faced the risk of losing her family home to foreclosure, and experienced fear, humiliation, loss of sleep, anxiety, and emotional distress.

75. Each Defendants' conduct was outrageous, willful, and wanton, and shows a reckless disregard for the Plaintiff's rights.

76. PPR, BL and/or Barham are jointly and severally liable to the Plaintiff for actual damages, statutory damages, and Plaintiff's attorney's fees and costs.

**COUNT THREE: VIOLATIONS OF OHIO REVISED CODE § 1345.02(A)**
*PPR, Barham, and BL*

77. Plaintiff restates all allegations contained in Paragraphs 1 through 45 in their entirety as if fully rewritten herein.

78. The Ohio Consumer Sales Practices Act is a state consumer protection law prohibiting unfair and deceptive acts and practices by suppliers before, during, or after a consumer transaction.  R.C. § 1345.02(A).

79. The illegal, improper, and abusive debt collection practices of each Defendant in violation of the FDCPA also constitute unfair and deceptive practices in violation of the Ohio Consumer Sales Practices Act.

80. Plaintiff is a consumer, the Debt is a consumer transaction, and the Defendants PPR, Barham, and BL are suppliers as defined by the OCSPA, R.C. § 1345.01.

81. Ohio Revised Code Section 1703.03 provides that "No foreign corporation not excepted from sections 1703.01 to 1703.31 of the Revised Code, shall transact business in this state unless it holds an unexpired and uncanceled license to do so issued by the secretary of state. To procure such a license, a foreign corporation shall file an application, pay a filing fee, and comply with all other requirements of law respecting the maintenance of the license as provided in those sections."

82. Ohio Revised Code Section 1703.29(A) provides that "[t]he failure of any corporation to obtain a license under sections 1703.01 to 1703.31 of the Revised Code, does not affect

the validity of any contract with such corporation, but no foreign corporation that should have obtained such license shall maintain any action in any court until it has obtained such license."

83. At the time the Foreclosure Complaint was filed by Barham and BL on behalf of PPR, PPR was a foreign corporation not licensed to do business in the State of Ohio, and not otherwise exempted from licensing requirements.

84. PPR subsequently registered to do business on February 22, 2017 with the Ohio Secretary of State according to the articles of incorporation which are attached as Exhibit B to this Complaint.

85. Upon information and belief, BL and Barham knew or should have known that PPR had failed to register with the Ohio Secretary of State's Office at the time the Complaint was filed because Barham and BL assisted with the filing of the registrations for related entities, Partners for Payment Relief LLC, Partners for Payment Relief DE II, LLC, and Partners for Payment Relief DE III, LLC in 2011 and 2014.

86. Ohio Revised Code Section 1321.52(A)(1)(b) states "No person, on that person's own behalf or on behalf of any other person, shall do any of the following without having first obtained a certificate of registration from the division of financial institutions . . .(b) Engage in the business of lending or collecting the person's own or another person's money, credit, or choses in action for non-first lien residential mortgage loans."

87. Ohio Administrative Code Section 1301:8-3-12(E) states "Loans made pursuant to sections 1321.51 to 1321.60 of the Revised Code which are secured by a mortgage on

borrower's real estate other than a first lien on the real estate shall not be collected by persons other than a registrant pursuant to sections 1321.51 to 1321.60 of the Revised Code or an exempt entity described in division (D) of section 1321.53 of the Revised Code that is properly conducting business under and as permitted by any law or authority referred to in that section.

88. At the time the Foreclosure Complaint was filed by Barham and BL on behalf of PPR, PPR had failed to register with the Ohio Department of Commerce pursuant to R.C. § 1321.51 to 1321.60.

89. At the time the Foreclosure Complaint was filed by Barham and BL on behalf of PPR, PPR was not an entity exempt from registration under R.C. § 1321.53.

90. To date, PPR has failed to obtain registration by the Ohio Department of Commerce pursuant to R.C. § § 1321.51 to 1321.60.

91. By commencing a foreclosure action against Tracy Carter where PPR had no right to maintain a suit or collect the debt, PPR, Barham, and BL have engaged in unfair and deceptive acts and practices in violation of R.C. § 1345.02(A).

92. Additionally, PPR, Barham, and BL made the following false, deceptive, and misleading statements in the course of pursuing a foreclosure action against Tracy Carter, all in violation of R.C. § 1345.02(A):

  a.  The allegation in the Foreclosure Complaint that PPR had the right to enforce the Note, when the copy of the Note attached to the Complaint was payable to a party other than PPR.

b. The allegation in the Sweeney Affidavit attached to the Foreclosure Complaint that Sweeney had reviewed the Foreclosure Complaint and that the attached exhibits were true and accurate.

c. The statements contained in Exhibit E to the Foreclosure Complaint that PPR had become the "100% owner of the mortgage loan" as of March 7, 2016, when PPR later asserted that it did not acquire possession of the Note until August 19, 2016.

d. The allegation that the copy of the Note produced for inspection by Barham and BL on behalf of PPR was a true and accurate copy of the Note.

e. If the allonges were attached to the Note at the time the Complaint was filed, but not filed with the Complaint, then the allegations in the Complaint and the Sweeney Affidavit that the copy of the Note attached to the Complaint was true and accurate, and the representations that the copy of the Note presented for inspection was genuine and accurate, were false.

f. In the alternative, if the allonges were not attached to the Note at the time the Complaint was filed, then PPR, Barham, and BL's subsequent representations to the contrary were false.

93. As a consequence of the conduct of PPR, Barham, and BL, Tracy Carter has incurred legal fees, costs, and expenses in defending a foreclosure action PPR had no right to commence, on a debt PPR, Barham and BL had no right to collect.

94. As a consequence of the conduct of PPR, Barham, and BL, Tracy Carter has faced the risk of losing her family home to foreclosure, and experienced fear, humiliation, loss of sleep, anxiety, and emotional distress.

95. Each Defendants' conduct was outrageous, willful, and wanton, and shows a reckless disregard for the Plaintiff's rights.

96. Plaintiff is entitled to recover actual damages, statutory damages and non-economic damages in the amount of $5,000.00 pursuant to R.C. § 1345.09(B).

97. Plaintiff is entitled to treble damages, as Defendants' violations are known violations of the OCSPA based upon the attached judgments contained in the public inspection file maintained by the Ohio Attorney General, attached as Exhibits F and G.

98. Plaintiff is also entitled to reasonable costs, and attorneys' fees incurred in maintaining this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff TRACY L. CARTER respectfully requests for the following relief against Defendants BARHAM LEGAL, LLC, DANIEL BARHAM and PARTNERS FOR PAYMENT RELIEF DE IV, LLC:

A) For an award of actual damages against each Defendant jointly and severally as alleged in Counts One, Two and Three;

B) For an award of statutory damages of $1,000.00 against each Defendant separately per violation for each allegation contained in Counts One and Count Two;

C) For an award of statutory damages of at least $500.00 against each Defendant separately per violation for each allegation contained in Count Three;

D) For an award of treble damages and non-economic damages of $5,000.00 against each Defendant separately pursuant to R.C. § 1345.09(B) for the allegations contained in Count Three;

E) For an award of Plaintiff's reasonable attorney's fees and costs against each Defendant jointly and severally as alleged in Counts One through Three; and

F) For all other relief this Court may deem just and proper.

Respectfully Submitted,

*/s/* Marc E. Dann
Marc E. Dann (0039425)
Emily White (0085662)
Brian D Flick (0081605)
THE DANN LAW FIRM CO., L.P.A.
P.O. Box 6031040
Cleveland, OH  44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

*/s/ Marc E. Dann*
Marc E. Dann (0039425)
Emily White (0085662)
Brian D. Flick (0081605)
THE DANN LAW FIRM CO., L.P.A.
*Attorneys for Plaintiff*