# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TRACY L. CARTER,**

    **Plaintiff,**

   v.                               Case No. 2:17-cv-766
                                       JUDGE GEORGE C. SMITH
                                       Magistrate Judge Jolson

**BARHAM LEGAL, LLC,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court upon the Motion to Dismiss of Defendants Barham Legal, LLC, Daniel Barham, and Partners for Payment Relief DE IV, LLC (Doc. 6). The motion is fully briefed and ripe for disposition. For the following reasons, Defendants' Motion is **GRANTED IN PART and DENIED IN PART**.

### I.    BACKGROUND

This is the second of two related actions concerning Defendants' attempt to foreclose on a second mortgage loan secured by Plaintiff Tracy Carter's home. Defendant Partners for Payment Relief DE IV, LLC ("PPR") is currently the holder of the note secured by the mortgage, although the parties dispute exactly when PPR acquired the note. Defendants Daniel Barham ("Barham") and Barham Legal, LLC ("BL"), as legal counsel for PPR, commenced the first action (the "Foreclosure Action") seeking a foreclosure sale of Carter's home on August 30, 2016, in the Court of Common Pleas for Franklin County, Ohio. (Doc. 1-1, Foreclosure Complaint). The Foreclosure Complaint contained as an exhibit what purported to be a true and

accurate copy of the note. (Doc. 1-1, Note, PAGEID #30–32). The copy of the note attached to the Foreclosure Complaint indicated that the loan was originated by Homecomings Financial Network, Inc. and had subsequently been indorsed by Homecomings to "Residential Funding Corporation," and then subsequently indorsed by Residential Funding to "U.S. Bank National Association as Trustee." (*Id.* at PAGEID #32). No further indorsements or allonges were included with the Foreclosure Complaint.

Carter filed an Answer and Counterclaim to the Foreclosure Complaint on January 5, 2017, alleging that PPR violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Ohio's Consumer Sales Practices Act ("OCSPA"), R.C. § 1345.01 *et seq.*, by commencing the Foreclosure Action while PPR lacked the right to enforce the note. (Doc. 1-3, Countercl. ¶¶ 45–65). According to Carter, PPR was not entitled to enforce the note because the note indorsements attached to the Foreclosure Complaint indicated that the mortgage had been assigned to an unrelated third party (U.S. Bank), and also because PPR had failed to register with Ohio's Secretary of State as a foreign entity transacting business in Ohio, which meant it was prohibited by Ohio statute from commencing any litigation in Ohio. (*Id.* ¶¶ 2–12).

During discovery in the Foreclosure Action, Defendants purported to make the original note held by PPR available for inspection to Carter's counsel on February 28, 2017. (Doc. 1, Compl. ¶¶ 34–35). Carter's counsel noted that the original note provided to her was identical to the note attached to the Foreclosure Complaint—that is, it indicated that the note had been indorsed to U.S. Bank, not PPR. (*Id.* ¶¶ 36–37). Defendants later realized that two additional allonges had inadvertently been separated from the original note, and produced the two allonges in discovery on April 5, 2017. (*Id.* ¶ 38). These two allonges were undated and assigned the note from "U.S. Bank National Association as Trustee" to "U.S. Bank National Association, as

Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-KS1," and from "U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-KS1" to PPR. (Doc. 1-5, Allonges).

Carter moved for sanctions in the Common Pleas Court, arguing that PPR and Barham engaged in frivolous conduct when they commenced the Foreclosure Action despite not having the relevant allonges in their possession. (Doc. 6-1, Mot. for Sanctions, PAGEID #153–165). Alternatively, if Defendants *did* have the allonges in their possession at the time the Foreclosure Complaint was filed, then the representations in the Foreclosure Complaint and accompanying affidavit, to the effect that a true and accurate copy of the note was attached to the Foreclosure Complaint, were false. (*Id.*). On August 29, 2017, the Common Pleas Court declined to issue sanctions, finding no evidence that Defendants intentionally misled Carter and noting that they acted promptly to make the original allonges available when they discovered the omission. (Doc. 6-1, Order Denying Sanctions, PAGEID #256–57).

On August 30, 2017, the day after the Common Pleas Court denied Carter's request for sanctions, Carter voluntarily dismissed her counterclaims in the Foreclosure Action. (Doc. 6-1, Notice of Dismissal, PAGEID #263). That same day, Carter also commenced the present action in this Court, seeking damages under the FDCPA and the OCSPA based on PPR's inability to enforce the note at the time the Foreclosure Complaint was filed. (Doc. 1, Compl.). Defendants now move to dismiss Carter's Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Alternatively, Defendants seek dismissal pursuant to the *Younger* or *Colorado River* abstention doctrines.

## II. DISCUSSION

Because substantive analysis of Carter's claims will be unnecessary should the Court decide abstention is appropriate, the Court turns to Defendants' abstention arguments first.

### A. Motion to Dismiss in Favor of Abstention

Defendants argue for abstention by this Court, in deference to the Foreclosure Action now pending in the Franklin County Court of Common Pleas, under two separate doctrines: those set forth in each of *Younger v. Harris*, 401 U.S. 37 (1971) and *Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800 (1976). As a general matter, federal courts are typically "obliged to decide cases within the scope of federal jurisdiction. Abstention is not in order simply because a pending state-court proceeding involves the same subject matter." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 134 S. Ct. 584, 588 (2013). There are certain contexts that warrant abstention, but these contexts represent narrow exceptions to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.*; *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (quoting *Colorado River*, 424 U.S. at 817).

#### 1. Abstention is not warranted under *Younger*.

*Younger* abstention applies primarily when the federal action from which a federal court is asked to abstain parallels a state criminal proceeding; however, the doctrine is also applicable in certain other limited circumstances. *Doe v. Univ. of Kentucky*, 860 F.3d 365, 369 (6th Cir. 2017). The Supreme Court laid out the categories of state proceedings subject to *Younger* in *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989) ("*NOPSI*"): Namely, abstention may be appropriate if the state proceedings involve (1) a criminal prosecution; (2) civil enforcement proceedings that "are akin to criminal prosecutions"; or (3) civil proceedings involving certain orders that are uniquely in furtherance of the state

courts' ability to perform their judicial functions. *NOPSI*, 491 U.S. at 368; *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 134 S. Ct. 584, 591 (2013) (affirming that the three "exceptional" categories listed in *NOPSI* "define *Younger*'s scope.").

If and only if the Court determines that the state proceeding falls within one of the *NOPSI* categories, the Court then evaluates the state proceeding using a three-factor test laid out in *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). *See Sprint*, 134 S. Ct. at 593–94 (clarifying that the *Middlesex* factors are only considered by a court after the court decides that one of the *NOPSI* exceptional circumstances is present). *Middlesex* permits abstention when three criteria are met: (1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims. *Middlesex*, 457 U.S. at 432-34.

The Foreclosure Action related to this case does not meet any of the *NOPSI* "exceptional" categories. The Foreclosure Action is neither criminal in nature, nor a civil enforcement proceeding akin to a criminal prosecution, nor does it implicate Ohio's interest in its courts' ability to perform their judicial functions. Rather, the Foreclosure Action is merely a private dispute between private parties; it was neither initiated or defended by the State nor implicates any important State interest. Simply put, the Foreclosure Action is not the sort of proceeding which the *Younger* abstention doctrine was created to address. Abstention is therefore not warranted under *Younger*.

2.  **Abstention is warranted under *Colorado River*.**

The *Colorado River* abstention doctrine is somewhat broader than that of *Younger*, in that the threshold inquiry depends not on the type of state proceeding, but merely whether there are concurrent state and federal proceedings that are "parallel." *Romine*, 160 F.3d at 339. "'[E]xact

parallelism' is not required; '[i]t is enough if the two proceedings are substantially similar.'" *Id.* at 340 (quoting *Nakash v. Marciano,* 882 F.2d 1411, 1416 (9th Cir. 1989)).

If parallel state and federal proceedings exist, the Court proceeds to balance the eight factors laid out in *Colorado River*: (1) whether the state court has assumed jurisdiction over any res or property; (2) the convenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which the state and federal proceedings were filed; (5) the relative progress of the state and federal litigation; (6) whether the claims present a federal question; (7) the adequacy of the state forum to protect the rights of the federal plaintiffs; and (8) the presence or absence of concurrent jurisdiction. *Romine,* 160 F.3d at 340–341 (citing *Colorado River*, 424 U.S. at 818–19). The Supreme Court has cautioned that "[n]o one factor is necessarily determinative; [rather,] a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colorado River,* 424 U.S. at 819–20.

The Court is persuaded that the present federal action is parallel to the state Foreclosure Action. Carter's claims under the FDCPA and the OCSPA were initially raised in the Foreclosure Action as counterclaims, and although Carter voluntarily dismissed her counterclaims in the Foreclosure Action, she continues to advance the underlying issues as defenses to the Foreclosure Action on summary judgment.[1] Resolution of the Foreclosure Action will therefore require disposition of the issues raised by Carter in this action. *See Blake v. Wells Fargo Bank, NA*, 917 F. Supp. 2d 732, 737 (S.D. Ohio 2013) (Frost, J.) (federal claims under the Truth in Lending Act were parallel with state foreclosure proceedings when the federal claims were also asserted as counterclaims in the foreclosure proceedings).

---

[1] The Court may take judicial notice of state court records. *Lyons v. Stovall*, 188 F.3d 327, 332 n. 3 (6th Cir. 1999).

Additionally, nearly all of the *Colorado River* factors favor abstention. First, and "[m]ost significantly, the Ohio state court has assumed jurisdiction of the property, satisfying arguably the most important factor given the subject matter of this litigation." *Blake*, 917 F. Supp. 2d at 737 (citing *Beepot v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*, No. 3:10-CV-423-J-34TEM, 2011 WL 4529604, at *8 (M.D. Fla. Sept. 30, 2011) and *United States v. Fairway Capital Corp.*, 483 F.3d 34, 40 n. 2 (1st Cir. 2007)). And, as the Common Pleas Court is less than a mile away from the seat of this Court, the second factor (convenience of the federal forum) is neutral.

Abstention is favored by the third factor, avoidance of piecemeal litigation, because, "should both this action and the state action continue to proceed independently, there is a risk of inconsistent results, 'which would throw the ownership of the subject property in turmoil.'" *Blake*, 917 F.Supp. 2d at 737–38 (quoting *Beepot*, 2011 WL 4529604, at *9). *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983) (noting that "the paramount consideration" in *Colorado River* was "the danger of piecemeal litigation"). Allowing both actions to proceed would also create "perverse incentives for each party 'to accelerate or stall proceedings in one of the forums in order to ensure that the court most likely to rule in its favor will decide a particular issue first.'" *Emerald Logistics, Inc. v. Crutcher*, No. 2:07-CV-1112, 2008 WL 3926441, at *1–2 (S.D. Ohio Aug. 25, 2008) (Marbley, J.) (quoting *LaDuke v. Burlington N.R.R.*, 879 F.2d 1556, 1560 (7th Cir.1989)).

Further, while it is possible that Carter had a legitimate reason for dismissing her counterclaims in the Foreclosure Action almost immediately after the Common Pleas Court denied her motion for sanctions, and then commencing the present action asserting nearly identical claims the same day, the Court is not unconcerned by the possibility that Carter engaged in forum shopping after receiving an unfavorable decision in the state court. Dual-track

7

proceedings "that are the product of gamesmanship or that result in conflicting adjudications" threaten the "legitimacy of the court system in the eyes of the public and fairness to the individual litigants." *Emerald Logistics*, 2008 WL 3926441 at *4 (quoting *Lumen Const., Inc. v. Brant Const. Co., Inc.,* 780 F.2d 691, 694 (7th Cir. 1985)).

The fourth and fifth factors also favor abstention, because the Foreclosure Action was commenced in state court a year prior to the commencement of this action, and the Foreclosure Action has already proceeded through pleadings, discovery, dispositive motions, and is approaching readiness for trial in the next two to three months.[2] In contrast, the action in this Court is still in the early stages with discovery continuing through May 1, 2018, and dispositive motions not due until June 1, 2018. (Doc. 11, Mem. of First Pretrial Conference).

The sixth through eighth factors involve the ability of the state court to adequately adjudicate the claims asserted in the federal action. Again, these factors favor abstention. Some of Carter's claims are expressly brought under the OCSPA, an Ohio statute, and even much of her federal statutory claims under the FDCPA turn on the interpretation of Ohio statutes governing registration and licensure of foreign limited liability companies. Moreover, the state court has concurrent jurisdiction over Carter's FDCPA claims. *Ruth v. Unifund CCR Partners*, No. 5:08CV2689, 2009 WL 585847, at *8 (N.D. Ohio Mar. 6, 2009), *aff'd*, 604 F.3d 908 (6th Cir. 2010). There is therefore no reason why Carter's claims asserted in this action could not be fully and fairly adjudicated by the state court in the Foreclosure Action.

After balancing the *Colorado River* factors (seven of which favor abstention and one of which is neutral), the Court concludes that abstention is appropriate in this case. The Court will therefore abstain under *Colorado River* from exercising jurisdiction over Carter's claims asserted

---

[2] The online docket for the Foreclosure Action reflects a trial date initially set for January 2018. The parties have informed the Court that the trial was continued and has not yet been rescheduled, though at the most recent state court conference, there was discussion of setting the trial for June or July of 2018.

8

in the federal action. However, while Defendants seek dismissal on abstention grounds, the Sixth Circuit has counseled that *Colorado River* abstention requires a stay, not dismissal, of the federal action. *Bates v. Van Buren Twp.*, 122 F. App'x 803, 809 (6th Cir. 2004). *See also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996) (holding that dismissal on abstention is inappropriate where claims in federal court are for money damages and not equitable relief); *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) (same). If, at the conclusion of the Foreclosure Action, "any party still has a claim for which it is entitled to a federal forum, and it is not barred by *res judicata* or a similar doctrine, it may return to federal court." *Bates*, 122 Fed. App'x at 809.

B.  **Motion to Dismiss for Failure to State a Claim**

In addition to moving for dismissal on abstention grounds, Defendants move in the alternative to dismiss Carter's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which the Court can grant relief. Because the Court has decided to abstain from adjudicating the merits of Carter's claims until the conclusion of the Foreclosure Action, the Court need not address the Rule 12(b)(6) portion of Defendants' motion.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED IN PART and DENIED IN PART**. This action is **STAYED** pending the resolution of the Foreclosure Action in the Franklin County Court of Common Pleas. The parties are **ORDERED** to inform the Court within three days of the entry of a final judgment on the merits in the Foreclosure Action.

The Clerk shall remove Document 6 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**